UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  7:10-CR-185-LSC-JEO |
| ) | |
| JOSE ANTONIO HERRERA, ) | |
| ) | |
| Defendant. ) | |

Memorandum of Opinion and Order

I.   Introduction.

On October 13, 2010, Defendant Jose Antonio Herrera was found guilty of the following: one count of possession with intent to distribute five kilograms or more of cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant filed a Motion for Judgment of Acquittal or in the Alternative Motion for New Trial.  (Doc. 72.)  The Government has filed a response. (Doc. 74.)

II.   Discussion.

"A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c).  Under Rule 29(c), the Court must "view the facts and draw all inferences in the light most favorable to the Government." *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002).  In doing so, the question for the Court becomes whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.  A jury is free to choose among reasonable constructions of the evidence.

*United States v. Battle*, 892 F.2d 992, 998 (11th Cir. 1990).

With regard to a motion for new trial, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a).  Under Rule 33, the Court "may weigh the evidence and consider the credibility of witnesses." *United*

*States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  However, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.  The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  *Id*. at 1312-13.  Motions for new trials should be granted "sparingly," only granted in "those really 'exceptional cases.'"  *Id*. at 1313.

    A.    *Brady/Giglio Jencks* Act Violations.

Defendant first contends "if Document 65 [a sealed motion] information was provided in accordance to *Brady/Giglio*, *Jencks Act*, and *court order* it would have made a difference in his initial trial."  He further claims that "if information was provided in a reasonable time (before October 7, 2010) it would have made a difference in the instant trial."  (Doc. 72 at 1.)[1]  Although Defendant may not have received the material prior to the first trial, Defendant himself concedes that he did in fact receive the material requested on October 7, 2010.  Defendant's trial

---

[1] Defendant also requests a ruling on Document 65.  (Doc. 72 at 1).  However, this Court previously denied said motion, on the record, on October 11, 2010.

commenced on October 11, 2010. Defendant had time to review the material prior to the start of trial, a trial in which the jury found Defendant guilty. Thus, the interest of justice does not require a new trial. *See* FED. R. CRIM. P. 33(a).

    B.    Standard of Proof Beyond a Reasonable Doubt.

Defendant next contends that the Government did not prove beyond a reasonable doubt that Defendant knowingly and willfully possessed a mixture and substance containing a detectable amount of cocaine hydrochloride, nor did the Government prove beyond a reasonable doubt that Defendant possessed the substance with the intent to distribute it. (Doc. 72 at 1-2.)

However, evidence at trial established that the Government did prove beyond a reasonable doubt that Defendant knowingly and willingly possessed a mixture and substance containing a detectable amount of cocaine hydrochloride, and that Defendant possessed it with the intent to distribute it. The Government played the tape of the May 13, 2010 traffic stop for the jury. During the inspection of the truck and while Trooper Seymour was questioning Defendant, Defendant appeared nervous. At one point during

the questioning, Defendant actually asked Trooper Seymour if he could dig up a pine tree from the nearby woods to put in his yard.  Because he didn't have a shovel, Defendant said he would dig it up with his hands.  This is clearly odd behavior for anyone engaged in a routine traffic stop.

Further, among other things, Defendant only had one week of driver logs to apparently prevent full disclosure of his whereabouts.  There were also very few items of a personal nature in the cabin.  Additionally, Defendant's employer owned only two trucks, the one Defendant was driving on May 13, 2010, and one which Defendant previously drove on March 31, 2010.  The Government presented evidence that, on March 31, 2010, Defendant was questioned by Immigration and Customs Enforcement Agent Charles Engle.  Agent Engle found a hidden compartment under the sleeper bunk of the truck Defendant was driving.  The compartment was almost identical to the one in the truck Defendant was driving on May 13, 2010.  Although the compartment was empty, Agent Engle informed Defendant that the compartment was most likely being used to transport narcotics.

All of this evidence led the jury to conclude that the Government proved Defendant's guilt beyond a reasonable doubt.  Therefore, the

interest of justice does not require that a new trial be granted.  *See* FED. R. CRIM. P. 33(a).

    C.    Deliberate Ignorance Charge.

Defendant's third claim is that the Court erred in charging the jury on deliberate ignorance.  (Doc. 72 at 3.)  "A deliberate ignorance instruction is appropriate only when there is evidence in the record 'showing the defendant purposely contrived to avoid learning the truth.'" *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993) (quoting *United States v. Barbee*, 968 F.2d 1026, 1033 (10th Cir. 1992)).  As noted above, based on the events of March 31, 2010, Defendant was aware that his employer used trucks with secret compartments.  While Defendant did not load the truck himself, nor was it shown that he created the compartment or that he ever handled the cocaine, the stop on March 31, 2010, along with the fact that Defendant's employer only had two trucks, establish that Defendant "purposely contrived to avoid learning the truth".  *See Stone*, 9 F.3d at 937.  Therefore, the Court did not err in instructing the jury on deliberate ignorance, and the interest of justice does not require that a new trial be granted.  *See* FED. R. CRIM. P. 33(a).

D.  404(b) Evidence.

Finally, Defendant contends that the admission into evidence of the March 31, 2010 search was erroneous (Doc. 72 at 4) and prejudicial (Doc. 72 at 5).  FED. R. EV. 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

The Eleventh Circuit has established a three-part test to determine whether evidence is admissible under 404(b).  "First, the evidence must be relevant to an issue other than the defendant's character.  Second, as part of the relevance analysis, the evidence must be sufficient to support finding that the defendant actually committed the extrinsic act.  Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice."  *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1224 (11th Cir. 1993); *See United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978).

In the Government's Notice of Intention to Use 404(b) Evidence (Doc. 24), the Government provided notice to Defendant of the intent to offer

evidence of the March 31, 2010 search, not only because it was "admissible as 404(b) evidence but also as inextricably intertwined with the evidence of the charged crimes." (Doc. 24 at 1.) The Government further stated that the testimony would not be offered "to show prior bad acts of the defendant but will be offered because it forms 'an integral and natural part of the witness' accounts of the circumstance surrounding the offense for which the defendant was indicted.' *United States v. Costa*, 691 F.2d 1358, 1361 (11th Cir. 1982)." (Doc. 24 at 2.) Agent Engle's testimony, as previously discussed, demonstrated that Defendant was aware that his employer used trucks with secret compartments and was aware of the purpose of such compartments. This demonstrates both Defendant's knowledge and his intent.

Defendant provides nothing to support his claim that the admission of this evidence was prejudicial, nor does this Court find that the probative value was substantially outweighed by its likelihood for undue prejudice.

Therefore, the admission into evidence of the March 31, 2010 search was not erroneous and the interest of justice does not require that a new trial be granted. *See* FED. R. CRIM. P. 33(a).

III.   Conclusion.

This Court hereby Denies Defendant Jose Antonio Herrera's Motion for Judgment of Acquittal or in the Alternative Motion for a New Trial.  (Doc. 72.)

Done this <u>24th</u> day of <u>November 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671